IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WINSTON UCKELE, | No. C 12-4969 WHA |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| WILLIAM KNIPP, Warden, | |
| Respondent. | |

Petitioner Anthony Winston Uckele is currently confined at Mule Creek Sate Prison in Ione. Pursuant to 28 U.S.C. 2254, he has filed a petition for writ of habeas corpus challenging a conviction in California state court.

An information was filed on April 27, 2007, amended on November 20, charging petitioner with thirty-six counts of lewd and lascivious acts on a minor under the age of 14. The alleged victim in all counts was the same. On March 14, 2008, following a jury trial, defendant was sentenced to 44 years on counts 1 through 20. Counts 21 through 36 were dismissed on motion of the prosecutor. The California Court of Appeal affirmed the convictions and the California Supreme Court denied review. The United States Supreme Court denied a petition for writ of certiorari.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that the petitioner is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an

order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243.

As grounds for federal habeas relief, petitioner claims that (1) because the jurors were not unanimous regarding which acts constituted the charged crimes in counts 3 through 20, his federal constitutional right to due process was violated and (2) the prosecution's use of improper character evidence from petitioner's mother violated his federal constitutional right to due process. The issues in the petition are sufficient to require a response.

1. The **CLERK SHALL SERVE** by regular mail a copy of this order and the petition with attachments upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner's counsel.

2. **RESPONDENT SHALL FILE WITH THE COURT AND SERVE ON PETITIONER, WITHIN SIXTY DAYS OF THE ISSUANCE OF THIS ORDER, AN ANSWER** conforming in all respects to Rule 5 of the Rules governing Section 2254 cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed.

If petitioner wishes to respond to the answer, he shall do so by filing a **TRAVERSE WITH THE COURT AND SERVING IT ON RESPONDENT WITHIN THIRTY DAYS OF THE DATE THE ANSWER IS FILED**.

3. Respondent may file, **WITHIN SIXTY DAYS**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **THIRTY DAYS** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **FIFTEEN DAYS** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true and correct copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3